**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MAWULE TEPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01475** |
| | ) | **Judge Crenshaw/Frensley** |
| | ) | |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION AND BACKGROUND

Mawule Tepe ("Plaintiff") filed a Complaint in Rutherford County Circuit Court against his former employer, Whirlpool Corporation ("Defendant"), for breach of contract and unjust enrichment. Docket No. 1-1. Defendant then removed the case to this Court. Docket No. 1.

This matter is now before the Court upon Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). Docket No. 6. Defendant has contemporaneously filed a Supporting Memorandum and an order from the Circuit Court of Bradley County, Tennessee. Docket Nos. 7, 7-1, 7-2.

The pro se Plaintiff has not filed a Response in Opposition but has filed an "Affidavit of Truth of Plaintiff Mawule Tepe, Declaratory Statement to Challenge Jurisdiction, the Counsel's Qualification, The Validity of the Removal's Process, and Verified Motion to Remand," which the Court will construe as Plaintiff's response. Docket No. 9.

Plaintiff's Motion challenges Defendant's attorney's eligibility to practice in this Court; the timeliness of removal; "Intentional and Fraudulent Failure of Defendant or its Counsel to File

the Stamped Copies of the Process, Pleadings and motions"; "Fraudulent Insertion of Exhibit C – Summary Plan Description – which is not a part of the State Court's Record"; Defendant's attorney's failure to obtain informed consent before removing the case; and Defendant's attorney's "non-waivable conflict of interest." *Id.* at 1-7. Defendant has filed a Response, asserting that removal was timely, that this Court has federal question and diversity jurisdiction, and that this action should be dismissed. Docket No. 13.

As a preliminary matter, the challenges to Defendant's attorneys' eligibility have already been resolved by this Court, as both William Stewart Rutchow and Lucille L. Nelson have been verified as having been admitted to this Court. Additionally, the Court has issued an Order specifically finding that Plaintiff's motions regarding Mr. Rutchow's qualifications to practice before this Court are "without merit." Docket No. 31.

## II. SUMMARY OF THE ARGUMENTS

Defendant argues that this Court is not the proper venue for the claims brought against it and that Plaintiff's claims fail to state a claim upon which relief can be granted. Docket No. 7, p. 5-13. Defendant asserts that Plaintiff is a vexatious litigator and has filed more than sixty-five actions over the past six years, including multiple actions against Defendant, its employees, and its lawyers. *Id.* at 1. Defendant contends that an identical lawsuit is currently pending in the Eastern District of Tennessee, where venue is proper. *Id.* at 4, *compare* Docket No. 7-1 (complaint filed in Bradley County General Sessions Court); Docket No. 1-1 (identical complaint filed in this case).

Defendant further argues that Plaintiff has previously filed lawsuits against Defendant for the same causes of action, which have been litigated and decided. Docket No. 7, p. 6. Defendant contends that Plaintiff failed to meet the Rule 8 pleading standards for Breach of Fiduciary Duty, Unjust Enrichment, and Intentional Infliction of Emotional Distress ("IIED"). *Id.* at 9-10.

Alternatively, Defendant maintains that IIED was time-barred by the Tennessee statute of limitations. *Id.* at 9-10. Defendant also avers that Plaintiff failed to state a claim for Workers' Compensation Benefits because the claim is barred by the exclusivity provision of the Tennessee Workers' Compensation Law. *Id.* at 12.

Defendant contends that venue is improper because all the alleged events occurred in Bradley County, Tennessee, and Defendant's principal place of business is in Michigan, and the state of incorporation is Delaware. *Id.* at 13. Defendant points out that Plaintiff appears to have simply copied his complaint from the Bradley County Circuit Court and submitted it as the Complaint in this action, as the venue paragraph is not addressed to the Middle District of Tennessee. *Id.*; *see* Docket. No. 1-1.

As previously noted, Plaintiff has responded by challenging Defendant's attorney's eligibility to practice before this Court. Docket No. 9, p. 1-2. Plaintiff mentions a case currently pending before the Eastern District of Tennessee against Defendant's counsel, which allegedly under Tenn. Sup. Ct. Rules 1.7 and 1.8 create a non-waivable conflict of interest that precludes them from representing Defendant in this case. *Id.* at 5. Plaintiff also claims jurisdiction is lacking due to Defendant's alleged untimely removal. *Id.* at 2. Plaintiff attests that he made service of process on November 18, 2025, and Defendant filed the notice of removal thirty-one days later on December 19, 2025. *Id.* Plaintiff further contends the removal was not made in good faith and that Defendant fraudulently removed the case to mislead the Court. *Id.* at 3-5. Correspondingly, Plaintiff alleges that Defendant's counsel did not have Defendant's written consent to remove the case. *Id.* at 5.

Defendant asserts that this action was properly and timely removed on December 19, 2025, on the basis of federal question and diversity jurisdiction. Docket No. 13, p. 3. Defendant supports

the timeliness of removal by providing evidence that Whirlpool was served with notice of the lawsuit on November 21, 2025, such that removal on December 19 was within the 30-day window. *Id.* at 6. Defendant further disputes Plaintiff's allegations because his initial attempt to serve Defendant was via email, which is not permitted by the Federal or Tennessee Rules of Civil Procedure. *Id.* at 7. Defendant explains in depth the basis for both federal question and diversity jurisdiction over Plaintiff's claims. *Id.* at 9-14. Defendant asserts that Plaintiff has already challenged the qualifications of Defendant's attorneys, but that matter has been previously settled. *Id.* at 15. Defendant also asserts that there was none of the alleged misconduct and Plaintiff's reliance on Tenn. Sup. Ct. Rule 1.7 and 1.8 was unfounded and there is no relevant conflict of interest. *Id.* at 17.

For the reasons set forth below, the undersigned finds that while this Court is not a proper venue for Plaintiff's claims against Defendant, based upon the recently issued opinion in the Eastern District of Tennessee, the Defendant's Motion to Dismiss (Docket No. 6) should be GRANTED and Plaintiff's Motion to Remand (Docket No. 9) be DENIED and this action be dismissed.

## III. LAW AND ANALYSIS

### A. Venue

Fed. R. Civ. P. 12(b)(3) provides that a complaint may be dismissed for improper venue. 28 U.S.C. § 1391(b) states:

> **(b) Venue in general.**—A civil action may be brought in –
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

> defendant is subject to the court's personal jurisdiction with respect to such action.

When an action is filed in an improper venue, 28 U.S.C. § 1406 ("Cure or waiver of defects") directs how the Court should proceed and provides:

> **(a**) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
> **(b)** Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.
> **(c)** As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

**B. Motions to Dismiss Under Rule 12**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8. Providing either direct or

inferential allegations regarding all material elements necessary to sustain a recovery constitutes fair notice. *In re Commonwealth Institutional Sec., Inc.*, 394 F.3d 401, 405-06 (6th Cir. 2005).

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice … Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss … Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense … But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**C. The Case at Bar**

Because a court cannot decide a cause of action over which it lacks jurisdiction, the Court must begin there. Plaintiff bears the burden of establishing jurisdiction over Defendant. *See, e.g.*, *Intera Corp v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

In the case at bar, Plaintiff's Complaint is made up of various HSA/HRA claims, which are governed by the federal law of ERISA. 29 U.S.C. § 1002(1). Set forth in 29 U.S.C. § 1132, plaintiffs have a federal cause of action for such claims, thus granting this Court federal question jurisdiction over this case. As for the timeliness of removal, Defendant was served with process on November 21, 2025, so removal on December 19, 2025, was within the 30-day period and therefore timely. Docket No. 1-1, p. 2.

As for venue, because Defendant is not a citizen of Tennessee, venue cannot be established by 28 U.S.C. § 1391(b)(1). Further, because the events giving rise to the claims occurred in Bradley County, Tennessee (in the Eastern District of Tennessee), where Plaintiff was formerly employed by Defendant, venue cannot be based on 28 U.S.C. § 1391(b)(2). *See* Docket No. 7, p. 13. The final venue provision, 28 U.S.C. § 1391(b)(3), applies only when there is no district in which the action may otherwise be brought under § 1391. By conducting business in the Eastern District of Tennessee and employing Plaintiff there, Defendant purposefully availed itself of the privilege of conducting activities within the district and is therefore subject to personal jurisdiction in the Eastern District of Tennessee. *Id.* Further, Plaintiff alleged in the Complaint that venue is proper in the Eastern District of Tennessee. Docket No. 1-1, p. 5. Because § 1391(b)(3) applies only when there is no district in which the action may be brought under § 1391, and venue is proper in the Eastern District of Tennessee, subsection (b)(3) cannot support venue in the Middle District of Tennessee.

28 U.S.C. § 1406(a) applies to actions brought in an improper venue, and states that the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under Sixth Circuit precedent, the decision to dismiss or transfer rests within the district court's discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d

260, 262 (6th Cir. 1998). Although transfer to the Eastern District of Tennessee would ordinarily be warranted, that court recently dismissed an action identical to the one at bar for failure to prosecute. *See* Case No. 1:25-cv-00164, Docket Nos. 1-1, 23. The Court finds that in light of the dismissal of the action in the Eastern District for failure to prosecute, transferring this case to the Eastern District would be a waste of judicial resources and therefore not an appropriate exercise of the Court's discretion. Therefore, the undersigned recommends dismissal rather than transfer.

## IV. CONCLUSION

For the reasons discussed above, the undersigned finds that this Court lacks venue. Accordingly, the undersigned recommends that Defendant's Motion (Docket No. 6) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE and Plaintiffs' Motion to Remand (Docket No. 9) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**